## 29503. WHITE v. FIREMAN'S FUND INSURANCE COMPANY et al.

HILL, Justice.

This appeal challenges the constitutionality of that portion of Code Ann. § 56-1201 (4) (Ga. L. 1960, pp. 289, 500, as amended by Ga. L. 1969, p. 740), which fixes the venue for a suit on the bond of a sheriff or other arresting or law enforcement officer in the county of residence of such officer.

The action arose when appellant Miriam T. White filed suit in Fulton Superior Court for the alleged wrongful death of her husband occurring on March 12, 1973, in the Clayton County jail. Named as defendants were Fireman's Fund Insurance Company (FFIC) and Robert A. Deyton, the Sheriff of Clayton County, as surety

and principal on the sheriff's public official bond, certain deputy sheriffs and a policeman with the Lake City police department, each a resident of Clayton County, and the John Doe Surety Company (the names of the sureties on the public official bonds of the deputy sheriffs and police officer being unknown to the plaintiff at the time of filing her suit).

Admitting and conceding that FFIC's principal place of business was in Fulton County, the defendants filed defenses and motions to dismiss asserting that proper venue for the action was in Clayton County, because under Code Ann. § 56-1201 (4) a suit against a surety can only be brought in the county of residence of the law enforcement officer.

The plaintiff filed responses to the motions to dismiss contending that FFIC was subject to suit in Fulton County and since the other defendants were joint obligors or joint trespassers with the named surety and its principal, the sheriff, venue was properly in Fulton County under the Georgia Constitution (Art. VI, Sec. XIV, Par. IV; Code Ann. § 2-4904); and that Code Ann. § 56-1201 (4), being in conflict therewith, was unconstitutional. Art. VI, Sec. XIV, Par. IV (Code Ann. § 2-4904), supra, provides that "Suits against joint obligors, joint promissors, co-partners, or joint trespassers residing in different counties, may be tried in either county."

After hearing, the Fulton Superior Court dismissed the complaint for improper venue as to all the defendants, holding that Code Ann. § 56-1201 (4) was controlling and not unconstitutional for any of the reasons urged. Plaintiff appeals.

1. The FFIC bond on Sheriff Deyton provides in part that "we bind ourselves . . . jointly and severally." In 1937, in *Carlan v. Fidelity & Cas. Co.*, 183 Ga. 715 (3) (189 SE 527), this court held that: "The sheriff and his bondsman are such joint contractors or obligors that they may be sued in the county of the residence of either, for a violation of the bond," citing Code §§ 3-204 and 56-601. Code § 3-204 is the statutory counterpart of the constitutional provision here in issue. Code Ann. § 2-4904.

Thus, the sheriff and his bondsman are joint obligors within the meaning of Code Ann. § 2-4904, which provides

that suits against joint obligors residing in different counties may be tried in either county.

However, the other Code section cited in *Carlan,* § 56-601, has since been amended.

2. The Georgia Insurance Code of 1960 (Ga. L. 1960, pp. 289 - 764; Code Ann. Title 56), enacted the following (p. 500, Code Ann. § 56-1201 (4)): "[F]or the purpose of bringing suit under this subsection a company . . . which has become surety for the performance of an obligation in a particular county shall be deemed to be transacting business in such county and shall be deemed to be a legal resident of such county: Provided further that any action or suit on the bond of a sheriff, or other arresting or law enforcement officer . . . upon which any guaranty or surety company or fidelity insurance company is bound and obligated as surety, shall be instituted in the county of the residence of such officer, and not in any other county; and the county of the residence of such officer is hereby fixed as the venue of any action or suit on such bond."

Appellant correctly argues that this court did not consider sheriffs' bonds in *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (127 SE2d 454), where the validity of Code Ann. § 56-1201 (4) was upheld against the constitutional attacks made there.

Appellant concedes, as she must, that (except in certain circumstances not material here) the General Assembly may declare a corporation to be a resident of a county for venue purposes under Code Ann. § 2-4906, the general venue-residence provision. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 308-309, supra, and cits. If, as conceded, the General Assembly may fix the residence of a corporation under Code Ann. § 2-4906, we know of no reason it cannot also fix the residence of a corporation under Code Ann. § 2-4904.

Appellant contends, however, that the General Assembly did not declare in subsection 4 of Code Ann. § 56-1201 that a surety on a sheriff's bond is a resident of the county of the sheriff. It is true that in the "Provided further" part of subsection 4, which declares that suits on bonds of sheriffs, etc., shall be brought in the county of residence of the officer and no other, the General Assembly did not declare the residence of the sheriff's

bonding company to be that of the sheriff.

However, the General Assembly had already fixed the residence of such sureties when it provided in the forepart of subsection 4 that "for the purpose of bringing suit under this subsection a company . . . which has become surety for the performance of an obligation in a particular county . . . shall be deemed to be a legal resident of such county."

Appellant's argument that the General Assembly is without authority to provide that a corporation cannot be sued in the county of its traditional residence (the county where its office is located), was decided adversely to appellant in *Gilbert v. Ga. R. & Bkg. Co.,* 104 Ga. 412 (2, 4) (30 SE 673).

The General Assembly has provided that the residence of FFIC for purpose of this suit, on the bond of the sheriff of Clayton County, is Clayton County.

The residence of the joint obligors under this bond being in the same county, Art. VI, Sec. XIV, Par. IV (Code Ann. § 2-4904) of the Constitution is not violated in this case by Code Ann. § 56-1201 (4).

The trial court properly dismissed the action for lack of venue in the Superior Court of Fulton County.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 30, 1974 — DECIDED MARCH 6, 1975.

*Weltner, Kidd, Crumbley & Tate, R. Alex Crumbley, F. Carter Tate,* for appellant.

*Glaze & Glaze, George E. Glaze, Thomas K. Mc-Whorter,* for appellees.