135 Ga. App. 460 (1975)
218 S.E.2d 122
M. A. R. T. A.
v.
McCAIN.
50372.
Court of Appeals of Georgia.
Argued March 4, 1975.
Decided July 8, 1975.
Rehearing Denied July 16, 1975.
Kennedy, Bussey, Sampson & Spaulding, Thomas G. Sampson, Ben W. Spaulding, W. Stell Huie, Terrence Lee Croft, for appellant.
Dunaway, Haas & Broome, Henry R. Stringfellow, Norris C. Broome, for appellee.
MARSHALL, Judge.
Metropolitan Atlanta Rapid Transit Authority (MARTA) appeals, under a certificate of review, from a denial of its motion to dismiss plaintiff-appellee's complaint for property damages filed in the Civil Court of Fulton County. The motion to dismiss was based on lack of subject matter jurisdiction and improper venue. Held:
Ga. L. 1965, pp. 2243, 2265 (the MARTA Act of 1965) provides in Section 10 (t), as follows: "(t) Any action to protect or enforce any rights under the provisions of this Act or any suit or action against such Authority, except as *461 provided in section 9 (c), shall be brought in the Superior Court of Fulton County, Georgia, and any action pertaining to validation of any bonds issued under the provisions of this Act shall likewise be brought in said court, which shall have exclusive, original jurisdiction of such actions." MARTA contends that because plaintiff's suit for property damages, ex delicto, was brought in the Civil Court of Fulton County, instead of the Superior Court, that the former was without jurisdiction under this provision of the MARTA Act of 1965.
We have read the MARTA Act of 1965 and conclude that Section 10 (t) thereof restricts the jurisdiction and venue of "any" suits brought against MARTA, in all types of actions, to the Superior Court of Fulton County. The confusion arises because Section 10 of the Act is entitled "Revenue Bonds," and all of the other 21 subsections thereunder deal with various aspects of revenue bonds  except subsection (t).
It seems that the General Assembly has made a habit of obscuring broad venue and jurisdiction provisions under the narrow topic of "Revenue Bonds." See e.g. Code Ann. § 98-218 (1968) (State Ports Authority); Code Ann. § 95A-1231 (Supp. 1974) (Georgia Highway and Tollway Authority); Code Ann. § 95-2429 (1972) (State Toll Bridge Authority); Code Ann. § 95A-1266 (Supp. 1974) (State Tollway Authority); Code Ann. § 32-122a (1969) (Georgia Education Authority University); Code Ann. § 32-1422a (1969) (Georgia Education Authority Schools); Code Ann. § 43-620a (1974) (Jekyll Island State Park Authority); Code Ann. § 91-522a (1971) (Georgia Building Authority); Code Ann. § 65-332 (1966) (Farmers Market Authority). We have found no cases or other annotations to these Code sections wherein the venue and jurisdiction provisions, though placed under revenue bond headings as in the MARTA Act, have been held to apply strictly to suits arising out of revenue bonds.
There is no question that the language used in this subsection clearly applies to "any" suit or action against the Authority whether pertaining to revenue bonds or not. It is the unfortunate placement of this language that is misleading. The title or heading of a statute or a section thereunder does not determine the meaning of the *462 language nor control the intent of the legislature as expressed in the language in the text of the statute. Bentley v. State Bd. of Examiners, 152 Ga. 836, 839 (111 SE 379); Etowah Milling Co. v. Crenshaw, 116 Ga. 406, 408 (42 SE 709). We must give effect to that clear meaning regardless of the heading under which it is placed. The suit must be brought in the Superior Court of Fulton County.
Judgment reversed. Bell, C. J., and Webb, J., concur.