34452. GLOVER et al. v. DONALDSON et al.

HILL, Justice.

The MARTA (Metropolitan Atlanta Rapid Transit Authority) Act, Ga. L. 1965, pp. 2243, 2265, provides that any suit or action against MARTA shall be brought in the Superior Court of Fulton County. This interlocutory appeal involves the question of whether or not MARTA and its bus operator may be sued for negligence as joint tortfeasors in a county other than Fulton County, i.e., the county of residence of a third joint tortfeasor.

Immediately after alighting from a MARTA bus a child was struck and killed by a truck driven by a resident of DeKalb County. The parents-plaintiffs brought a

wrongful death action in Fulton Superior Court against MARTA, the bus operator, and the driver of the truck. After voluntarily dismissing the case in Fulton, the plaintiffs refiled their complaint in DeKalb Superior Court, the residence of the truck driver. MARTA and its operator filed a motion to dismiss asserting, inter alia, that the Superior Court of DeKalb County lacked jurisdiction over them and that venue was improper in DeKalb County. Their motion to dismiss was granted.[1]

Section 10 (t) of the MARTA Act, Ga. L. 1965, pp. 2243, 2265[2] provides: "Any action to protect or enforce any rights under the provisions of this Act or any suit or action against such Authority, except as provided in section 9 (c),[3] shall be brought in the Superior Court of Fulton County, Georgia, and any action pertaining to validation of any bonds issued under the provisions of this Act shall likewise be brought in said court, which shall have exclusive, original jurisdiction of such actions." This provision is not limited to suits arising out of revenue bonds (*MARTA v. McCain,* 135 Ga. App. 460 (218 SE2d 122) (1975)), although the provision as to "exclusive, original jurisdiction" relates to actions pertaining to bond validation.

The plaintiffs contend that this provision of the MARTA Act is unconstitutional because it contravenes the venue provision of the Constitution, Code Ann. § 2-4304, which provides for an action against joint tortfeasors in the county of residence of any joint tortfeasor.[4] Under MARTA Act § 10 (t), a single suit against joint tortfeasors including MARTA could only

---

[1]The rationale for dismissing the bus operator, a resident of Fulton County, is unclear. His dismissal must be reversed in any event.

[2]Section 10 of the Act deals with revenue bonds issued by the Authority.

[3](Footnote added.) Section 9 (c) deals with review by the superior courts of MARTA's determinations as to scheduled services and charges.

[4]Code Ann. § 2-4304: "Suits against joint obligors, joint promisors, co-partners, or joint trespassers,

proceed in Fulton Superior Court, where a verdict returned solely against the nonresident truck driver would be a nullity. *Southeastern Truck Lines v. Rann,* 214 Ga. 813 (108 SE2d 561) (1959); *Hamilton v. DuPre,* 111 Ga. 819 (2) (35 SE 684) (1900). For plaintiff's claims to proceed safely against each of the tortfeasors would require separate suits in Fulton and DeKalb Counties.

MARTA argues that such limitation on the right to proceed against MARTA as a joint tortfeasor is permissible, urging that, when expressly waiving sovereign immunity from liability in tort, the state may prescribe the terms and conditions upon which it consents to be sued. See *Williams v. Lawler Hosiery Mills, Inc.,* 212 Ga. 617 (5) (94 SE2d 699) (1956). Also see *Goolsby v. Regents of University System,* 141 Ga. App. 605, 607 (234 SE2d 165) (1977). However, MARTA's immunity, if any,[5] was waived in Sections 8(a) and 22, Ga. L. 1965, pp. 2253, 2275, and such waiver was conditioned only that no execution shall be levied on Authority property prior to 90 days from final judgment. The MARTA limitation to suits in Fulton Superior Court is in section 10 (t) of the Act, not section 8 or 22. The waivers of sovereign immunity in sections 8 and 22 are not in any way conditioned on the section 10 (t) limitation. And, although section 10 (t) contains reference to section 9 (c), it contains no reference to section 8 or 22. Therefore, section 10 (t) is not a term or condition upon which the state has consented to be sued.

---

residing in different counties, may be tried in either county." The phrase "joint trespassers" has reference to joint tortfeasors. *Southern R. Co. v. City of Rome,* 179 Ga. 449, 456 (176 SE 7) (1939); *Ga. Power Co. v. Blum,* 80 Ga. App. 618 (1) (57 SE2d 18) (1949). We find that the constitutional issue was raised by plaintiffs in the trial court. That court's order dismissing MARTA and its operator necessarily overruled plaintiff's constitutional objection.

[5]It has been said that an authority is not the state, or a part of the state, or an agency of the state. *Sheffield v. State School Bldg. Authority,* 208 Ga. 575, 583 (68 SE2d

It is axiomatic that the legislature's power to pass laws is limited by the Constitution itself, and a law authorized generally by one provision of the Constitution may not contravene another provision of the Constitution. *Southern R. Co. v. Melton,* 133 Ga. 277, 282 (65 SE 665) (1909); *Abbott v. Commrs. of Roads & Revenue of Fulton County,* 160 Ga. 657 (2) (129 SE 38) (1925).[6] Constitutional venue provisions may not be varied by statute. *Darbie v. Darbie,* 195 Ga. 769 (25 SE2d 685) (1943). The General Assembly may declare a corporation to be a resident of a county for venue purposes under Code Ann. § 2-4306, the general venue-residence provision (*White v. Fireman's Fund Ins. Co.,* 233 Ga. 919 (2) (213 SE2d 879) (1975); *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 308-309 (127 SE2d 454) (1962)); but the venue of a corporation provided by statute is not the exclusive venue provided by the Constitution (*Central of Ga. R. Co. v. Brown,* 113 Ga. 414 (2) (38 SE 989) (1901)). In the *Central of Ga. R. Co.* case, this court rejected reliance upon a statute (see Code Ann. § 94-1101) which provided that railroads and electric companies shall be sued for damage to person or property in the county in which the cause of action originated and that a judgment in any other county "shall be utterly void." The court held the action was properly brought in the county of residence of a joint tortfeasor under the joint trespasser provision of the Constitution. Accord, *Southern R. Co. v. Wooten,* 110 Ga. App. 6 (2) (137 SE2d 696) (1964); *Ga. Power Co. v. Blum,* 80 Ga. App. 618 (1) (57 SE2d 18) (1949). Cf. *Jahncke Service, Inc. v. Dept. of Transportation,* 134 Ga. App. 106 (3) (213 SE2d 150) (1975); *Norris v. State Hwy. Dept.,* 42 Ga. App. 699 (157 SE 382) (1930).

---

590) (1952). Cf. *International Longshoremen's Assn., AFL-CIO v. Georgia Ports Authority,* 217 Ga. 712 (124 SE2d 733) (1962).

[6]MARTA urges that the constitutional amendment authorizing its creation, § 2-8605 of the Constitution of 1945, relieves it from being restricted by other provisions of the Constitution. If that were so, MARTA could take private property without compensation. We read that

The General Assembly may fix the residence of MARTA for venue purposes when it is sued alone (Code Ann. § 2-4306), but the Constitution, § 2-4304, provides the venue when MARTA is sued as a joint tortfeasor.[7] Here venue in DeKalb County was proper and the court below erred in dismissing the complaint against MARTA and its operator for lack of venue.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 16, 1979 — DECIDED APRIL 6, 1979.

*Irwin M. Levine,* for appellants.
*Powell, Goldstein, Frazer & Murphy, Robert M. Travis, Kutak, Rock & Huie, Paul A. Howell, Jr., Terrence Lee Croft, John R. Lowery,* for appellees.

---

provision only to say that the MARTA constitutional amendment is not so restricted. *Camp v. MARTA,* 229 Ga. 35 (10) (189 SE2d 56) (1972), dealt with a different issue.

[7]We are not unmindful that section 10 (t) of the MARTA Act authorizes suit against MARTA only in the Superior Court of Fulton County as opposed to simply in Fulton County. See *MARTA v. McCain,* 135 Ga. App. 460 (218 SE2d 122), supra.