### 75844. MITCHELL v. SOUTHERN GENERAL INSURANCE COMPANY.
(366 SE2d 179)

DEEN, Presiding Judge.

Leroy Mitchell filed suit against Kenneth Daniels in the State Court of DeKalb County, and Southern General Insurance Company was served as Daniels' alleged liability carrier. Because there was a dispute as to whether Mitchell was the driver of the automobile at the time of the accident, and also regarding certain exclusions contained in the policy, Southern General filed for a declaratory judgment. Mitchell filed a motion to dismiss the action or, in the alternative, for consolidation of the declaratory judgment action with the liability action. Appellant filed an answer. The insurance company then filed a motion to transfer the declaratory judgment action from the state court to the Superior Court of DeKalb County. No response to this motion was received by the insurance company, and the motion to transfer was granted. This court granted an interlocutory appeal to determine if the court below erred in granting the motion to transfer.

1. *EVI Equip. v. Northern Ins. Co. of N. Y.*, 178 Ga. App. 197

(342 SE2d 380) (1986), correctly holds that under OCGA § 15-7-4 (2), the superior courts have exclusive jurisdiction to hear and determine a declaratory judgment action. We must, however, disagree that when such an action is filed in the state court, it must be dismissed for lack of subject matter jurisdiction. Under section T-4 of the Uniform Transfer Rules, 251 Ga. 893 (312 SE2d XXVII) (1984), "when a party makes a motion to dismiss, or any other motion or defense, on the basis that the court in which the case is pending lacks jurisdiction or venue, or both *[s]uch motion shall be treated as a motion to transfer pursuant to these rules.* A motion to transfer shall be made only in the court in which the case is pending. These rules also become operative when a court on its own motion, after a hearing thereon, determines that it lacks subject matter jurisdiction." (Emphasis supplied.) Accord *Southern R. Co. v. Lawson,* 174 Ga. App. 101 (329 SE2d 288) (1985); *Shannon v. Allen Automatic Transmission,* 172 Ga. App. 88 (322 SE2d 99) (1984); *Long v. Bruner,* 171 Ga. App. 124 (318 SE2d 818) (1984); *Empire Forest Prods. v. Gillis,* 184 Ga. App. 542 (362 SE2d 77) (1987). To the extent that *EVI Equip. v. Northern Ins. Co. v. N. Y.,* supra, conflicts with these cases and the Uniform Transfer Rules, it is overruled.

2. In view of our holding in Division 1 above, appellant's motion for consolidation of the declaratory judgment action with the liability action was properly denied by the trial court, as that court did not have jurisdiction over the declaratory judgment action.

3. Appellant's prayer for attorney fees is denied.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, C. J., Carley, Sognier, Pope, Benham and Beasley, JJ., concur.*

DECIDED FEBRUARY 3, 1988 —
REHEARING DENIED FEBRUARY 18, 1988 —

*George P. Graves,* for appellant.
*Robert M. Darroch, Michael J. Goldman,* for appellee.