A92A0905. SUGGS v. SUGGS.
(418 SE2d 427)

McMURRAY, Presiding Judge.

On September 26, 1989, the Cobb County Superior Court granted a final decree of divorce between the parties. Pursuant to the decree, custody of the parties' minor child was awarded to the wife and the husband was ordered to pay the wife a monthly sum for child support. Thereafter, on June 21, 1991, the husband filed a "Motion to Set Aside and Vacate Judgment and Petition for Determination of Paternity." A "Brief in Support of Motion to Set Aside and Vacate Judgment" accompanied the motion/petition. The motion/petition and brief were served on the wife at her residence in College Park.

In the motion/petition, the husband claimed the final decree should be set aside pursuant to OCGA § 9-11-60 (d) (2) on the ground that it was procured by fraud. In this regard, he asserted that (1) the wife knew and admitted he was not the father of the minor child; (2) the wife represented that she would not proceed with the child custody aspects of the divorce action since the husband was not the father of the child; and (3) relying on the wife's representation, the hus-

band did not contest the divorce action. The husband also sought a determination of paternity pursuant to OCGA § 19-7-40 et seq.

The superior court dismissed the motion/petition "for want of jurisdiction in this court" and we granted a discretionary appeal. *Held*:

A motion to set aside must be brought in the court which rendered the judgment under attack. OCGA § 9-11-60 (b). Thus, the Cobb County Superior Court did have jurisdiction to entertain the motion to set aside and it erred in ruling otherwise.

True, a petition for determination of paternity must be brought where the child resides when the father lives out of this State (OCGA § 19-7-42) so the Cobb County Superior Court might not have been able to hear the "paternity portion" of the motion/petition. However, the superior court should not have dismissed the entire motion/petition for want of jurisdiction simply because one aspect of the case should be heard elsewhere. This is especially so because the husband's petition for determination of paternity cannot even be maintained unless and until the final decree is set aside. See *Macuch v. Pettey*, 170 Ga. App. 467 (317 SE2d 262) (1984). Even if the "paternity portion" of this case should be heard in another county, the superior court should have transferred that portion of the case, not dismissed it. *Mitchell v. Southern Gen. Ins. Co.*, 185 Ga. App. 870 (366 SE2d 179) (1988).

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 24, 1992.

*Fred L. Cavalli*, for appellant.
Susann Suggs Aaron, *pro se*.