A95A2539. RC COLA BOTTLING COMPANY, INC. et al.
v. VANN et al.
(469 SE2d 523)

POPE, Presiding Judge.

Wanda Vann, individually and as an administratrix, filed suit against Jonathan Hogan and RC Cola Bottling Company, Inc. (RC) seeking to recover for the alleged wrongful death of her husband, Ed-

win Vann. In her complaint, Wanda alleged that Edwin was killed when his car was struck by a delivery truck which negligently was driven by Hogan and which was owned by RC. She also alleged that at the time of the collision, Hogan was RC's employee and was acting within the scope of his employment, and thus, that RC was liable for Hogan's negligence under the doctrine of respondeat superior. Hogan and RC answered Wanda's complaint denying liability. Subsequently, RC filed a motion for summary judgment on the grounds that it was not Hogan's employer or the owner of the truck. At the same time, Hogan filed a motion to transfer venue. On May 11, 1995, the trial court denied both motions. Concluding that the trial court erred in denying the above motions, we reverse.

1. "On summary judgment, the moving party bears the burden of showing that no material issues of fact exist." *Nowell v. Fain,* 174 Ga. App. 592, 594 (330 SE2d 741) (1985). "The burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time,* or suffer judgment against him. Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal. *Meade v. Heimanson,* 239 Ga. 177, 180 (236 SE2d 357) (1977)." (Punctuation omitted; emphasis in original.) *Lawal v. Stanley Bostitch Co.,* 209 Ga. App. 439, 440 (433 SE2d 706) (1993).

In the instant case, RC submitted the affidavits of James Acanfora and Todd Wood in support of its motion for summary judgment. Acanfora testified that he was the Treasurer and Chief Financial Officer for a company named Royal Crown Bottling Company of Chicago (Royal Crown), and that Royal Crown and RC were separate and distinct corporations. Acanfora further testified that on the date in question, the truck Hogan was driving was owned by Royal Crown. Wood testified that he was the Vice President and General Manager of Royal Crown, and that Hogan was employed by Royal Crown on the day of the collision. Consequently, RC made a prima facie showing of its entitlement to judgment as a matter of law.

Wanda, on the other hand, failed to even respond to RC's motion for summary judgment, and we find no competent evidence in the appellate record which rebuts Acanfora's and Wood's affidavits. Although Wanda has attempted to supplement the appellate record, the information contained in such supplementation was not provided to the trial court *before* it ruled on RC's summary judgment motion. Therefore, it will not be considered on appeal. Id. Accordingly, we conclude that the trial court should have granted summary judgment to RC and dismissed it from the case because it demonstrated as a matter of law that it was not the owner of the truck or Hogan's em-

ployer. See *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981).

Additionally, we reject any contention that RC and Royal Crown should be treated as one and the same for purposes of this suit. Even if Royal Crown and RC are closely related, absent evidence that Royal Crown is undercapitalized or maintained for the purpose of promoting injustice or protecting fraud, it should be recognized as the proper party defendant in the case.[1] See *Boafo v. Hosp. Corp. of America*, 177 Ga. App. 75, 77 (338 SE2d 477) (1985).

2. Based on our holding in Division 1 of this opinion, we conclude that venue is improper in Fulton County, where RC had its registered agent, because RC is no longer a defendant in the case. Instead, as joint tortfeasors, Hogan and Royal Crown may be sued in either Polk County, where Hogan resides, or in Cobb County, where Royal Crown has its registered agent. See Ga. Const., Art. VI, Sec. II, Pars. IV & VI; OCGA § 14-2-510 (b) (1). We therefore reverse the trial court's denial of Hogan's motion to transfer venue, and we remand the case with the instruction that it be transferred to one of those counties.

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 6, 1996.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Adam L. Appel*, for appellants.
*N. William Pettys, Jr., David C. Keever*, for appellees.

---

[1] We note that on March 31, 1995, pursuant to Wanda's motion to substitute parties, the trial court added Royal Crown as a party defendant in the case.