A01A0932. McDONALD v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.
(554 SE2d 226)

ELLINGTON, Judge.

June H. McDonald appeals the trial court's order dismissing for lack of subject matter jurisdiction her personal injury action against Metropolitan Atlanta Rapid Transit Authority ("MARTA") and bus driver Howard Lee Wilson. Because the trial court failed to apply the Uniform Transfer Rules, we reverse.

Because the trial court's decision was based upon the application of the law to stipulated facts, we apply a de novo standard of review. *Dept. of Revenue v. Sledge,* 241 Ga. App. 833 (528 SE2d 260) (2000). McDonald filed suit in the State Court of Fulton County to recover for injuries she sustained in a collision in Fulton County with a MARTA bus driven by Wilson, a resident of Spalding County. MARTA and Wilson moved the court to dismiss the action with prejudice on the basis that subject matter jurisdiction over any action against MARTA is vested in the Superior Court of Fulton County. McDonald moved to transfer the action to the Superior Court of Fulton County. The trial court dismissed the case against both MARTA and Wilson.

The trial court correctly determined that Georgia law vested exclusive subject matter jurisdiction and venue for all actions against MARTA in the Superior Court of Fulton County. *M.A.R.T.A. v. McCain,* 135 Ga. App. 460, 461 (218 SE2d 122) (1975) (interpreting § 10 (t) of the "MARTA Act," Ga. L. 1965, pp. 2243, 2265). The Supreme Court later clarified that the General Assembly's authority in adopting the MARTA Act was to "fix the residence of MARTA for venue purposes when it is sued alone,"[1] but the Constitution provides for venue "when MARTA is sued as a joint tortfeasor."[2] (Footnote omitted.) *Glover v. Donaldson,* 243 Ga. 479, 483 (254 SE2d 857) (1979). In *Glover v. Donaldson,* the Supreme Court held that, because

---

[1] See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI: "All other civil cases . . . shall be tried in the county where the defendant resides."

[2] See Ga. Const. of 1983, Art. VI, Sec. II, Par. IV: "Suits against . . . joint tort-feasors . . . residing in different counties may be tried in either county." At least for purposes of this venue provision, even where an employer is sued for the acts of its employee only on the basis of respondeat superior, the employer is considered a joint tortfeasor with the employee. *RC Cola Bottling Co. v. Vann,* 220 Ga. App. 479, 481 (2) (469 SE2d 523) (1996).

MARTA was sued as a joint tortfeasor with the driver of another vehicle involved in a pedestrian accident, it could be sued in the county of residence of the other driver. Id. When jurisdiction and venue are based on MARTA, however, and not on a joint tortfeasor, the MARTA Act controls and the action must be filed in the Superior Court, not the State Court, of Fulton County.

The trial court erred, however, in dismissing the action, rather than transferring the action to an appropriate court. The trial court relied on OCGA § 9-11-12 (h) (3) which provides, "[w]henever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." But the Georgia Constitution provides: "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. This constitutional mandate was implemented in the Uniform Transfer Rules,[3] enacted in 1984. *Hubbert v. Williams*, 175 Ga. App. 393, 396 (3) (333 SE2d 425) (1985). Section T-4 of the Uniform Transfer Rules provides "when a party makes a motion to dismiss, or any other motion or defense, on the basis that the court in which the case is pending lacks jurisdiction or venue or both[, s]uch motion shall be treated as a motion to transfer pursuant to these rules." See also *J & A Pipeline Co. v. DeKalb County*, 208 Ga. App. 123, 127-128 (3) (430 SE2d 13) (1993) ("the appropriate course of action for a court presented with a meritorious motion to dismiss for lack of jurisdiction or venue is to treat the motion as one for transfer and to transfer the case pursuant to the Uniform Transfer Rules"), rev'd in part on other grounds, 263 Ga. 645 (437 SE2d 327) (1993); *Mitchell v. Southern Gen. Ins. Co.*, 185 Ga. App. 870, 871 (1) (366 SE2d 179) (1988); Uniform Superior Court Rule 19.1 (A), effective July 1, 1985, 253 Ga. 829-830 (1985); Uniform State Court Rules, effective July 1, 1985, 253 Ga. 887 (1985).

Where exclusive jurisdiction to hear and determine a particular type of action is vested by law in the superior courts, such an action mistakenly filed in a state court must be transferred to the appropriate court, not dismissed. *Mitchell v. Southern Gen. Ins. Co.*, 185 Ga. App. at 871 (1) (when plaintiff files a declaratory judgment action, over which superior courts have exclusive subject matter jurisdiction, in state court, case should be transferred to superior court). Reading OCGA § 9-11-12 (h) (3) in harmony with the constitutional transfer directive, a court "shall dismiss" a civil action for lack of subject matter jurisdiction *only when* there is no other Georgia court in which jurisdiction lies and to which the action could be transferred. See

---

[3] 251 Ga. 893 (312 SE2d XXVII) (1984).

*City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819, 821-822 (479 SE2d 171) (1996) (whenever possible, statutes are to be construed in connection and in harmony with the Constitution, other statutes, the common law, and decisions of the courts). The trial court erred in dismissing McDonald's action. *Hubbert v. Williams*, 175 Ga. App. at 396 (3); *Lingo v. Worcester County Institution &c.*, 171 Ga. App. 892 (321 SE2d 744) (1984).

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 16, 2001.

*David L. Miller, Sharon M. Lewonski*, for appellant.

*Hall, Booth, Smith & Slover, Terrell W. Benton III, Gorby, Reeves, Peters & Burns, Michael J. Gorby, Damon E. Elmore*, for appellees.