**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 21, 2020**

# In the Court of Appeals of Georgia

A19A2396. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY v. BUHO et al.

BARNES, Presiding Judge.

The Metropolitan Atlanta Rapid Transit Authority ("MARTA") appeals the denial of its motion to dismiss this lawsuit or, in the alternative, motion to transfer the lawsuit from the State Court of Fulton County to the Superior Court of Fulton County. Because the record shows that the case should have been transferred, we reverse the judgment and remand the case for proceedings not inconsistent with this opinion.

In February 2019, Kasim Buho and Kenneth Redd (Plaintiffs) filed the underlying complaint in the State Court of Fulton County, alleging that: on December 19, 2017, they were passengers on a MARTA bus being operated by

Virnita Daniel when the bus collided with an "unknown" parked vehicle; that the two of them were injured as a result of the collision; that the collision was caused by Daniel's negligence; that at the time of the collision, Daniel was MARTA's employee; and that Daniel and MARTA, pursuant to the doctrine of respondeat superior, were liable to them for damages, as well as attorney fees under OCGA § 13-6-11. By special appearance, MARTA admitted that when the collision occurred, Daniel was its employee and was operating the bus,[1] but MARTA contested jurisdiction and venue; it thus moved the State Court to either dismiss the case or transfer it to the Superior Court of Fulton County where, as MARTA contended, jurisdiction and venue were proper. The State Court denied MARTA's motion.

---

[1] In its appellate brief, MARTA summarizes that it has "admitted that Defendant Daniel was its employee and operating the MARTA bus within the course and scope of her employment."

In this interlocutory appeal,[2] MARTA argues in several interrelated claims of error that the denial of its motion was error. We agree. For reasons explained more fully below, the correct ruling was to grant the motion to the extent MARTA sought a transfer of the case to the Superior Court of Fulton County.

As MARTA cited in the State Court, Section 10 (t) of the MARTA Act of 1965 provides:

> Any action to protect or enforce any rights under the provisions of this Act or *any suit or action against such Authority [i.e., MARTA]*, except as provided in Section 9 (c), *shall be brought in the Superior Court of Fulton County, Georgia*, and any action pertaining to validation of any bonds issued under the provisions of this Act shall likewise be brought in said court, which shall have exclusive, original jurisdiction of such actions.

---

[2] The record contains no brief(s) filed by the Plaintiffs in the State Court. Also, the Plaintiffs filed no brief in the instant appeal. See Court of Appeals Rule 25 (b) (1) ("Part One [of appellee's brief] shall point out any material inaccuracy or incompleteness of appellant's statement of facts and any additional statement of facts deemed necessary, plus citations to additional parts of the record or transcript deemed material. Failure to do so shall constitute consent to a decision based on the appellant's statement of facts. Except as controverted, appellant's statement of facts may be accepted by this Court as true."); *Wildes v. Clark*, 347 Ga. App. 348, 348, n. 3 (819 SE2d 511) (2018) ("[Appellee] failed to file a responsive brief in this appeal, and we therefore accept [Appellant's] representation of the facts as being prima facie true."). See also OCGA § 5-6-37 ("All parties to the proceedings in the lower court shall be parties on appeal . . . .").

(Emphasis supplied.) Ga. L. 1965, pp. 2243, 2265. "We have read the MARTA Act of 1965 and conclude[d] that Section 10 (t) thereof restricts the jurisdiction and venue of any suit[ ] brought against MARTA, in all types of actions, to the Superior Court of Fulton County." *MARTA v. McCain*, 135 Ga. App. 460, 461 (218 SE2d 122) (1975). We have further concluded that "the language used in [that] subsection clearly applies to any suit or action against [MARTA] whether pertaining to revenue bonds or not." Id.[3]

In ruling that Section 10 (t) did not govern the instant lawsuit, the State Court discerned that MARTA was being sued as a joint tort-feasor; that the Georgia Constitution contained a specific venue provision for suits involving joint tort-feasors;[4] and that in cases such as *Glover v. Donaldson*, 243 Ga. 479 (254 SE2d 857)

---

[3] See *Glover v. Donaldson*, 243 Ga. 479, 480 (254 SE2d 857) (1979) (affirming that Section 10 (t) of the MARTA Act "is not limited to suits arising out of revenue bonds").

[4] See Ga. Const. of 1983, Art. VI, Sec. II, Par. IV; see also *McDonald v. MARTA*, 251 Ga. App. 230, 230, n. 2 (554 SE2d 226) (2001) ("[F]or purposes of [Ga. Const. of 1983, Art. VI, Sec. II, Par. IV], even where an employer is sued for the acts of its employee only on the basis of respondeat superior, the employer is considered a joint tortfeasor with the employee."); *RC Cola Bottling Co. v. Vann*, 220 Ga. App. 479, 481 (2) (469 SE2d 523) (1996) (discerning in lawsuit stemming from an automobile accident that the defendant driver of the delivery truck and the defendant employer of that driver were joint tort-feasors for purposes of ascertaining where venue was proper).

4

(1979), where MARTA was sued as a joint tort-feasor, the constitutional provision pertaining to joint tort-feasors prevailed over Section 10 (t) of the MARTA Act such that suit against MARTA was allowed to proceed outside the Superior Court of Fulton County.

"Of course, it is true that if a statutory rule contradicts a constitutional rule, the constitutional rule prevails." *Carpenter v. McMann*, 304 Ga. 209, 211 (817 SE2d 686) (2018). But here, there was no showing of any conflict between Section 10 (t) of the MARTA Act and the cited Constitutional provision. In the provision cited by the State Court, the Georgia Constitution states: "Suits against . . . joint tort-feasors . . . residing in different counties may be tried in either county." Ga. Const. of 1983, Art. VI, Sec. II, Par. IV. Accordingly, in this case, suit may be tried in the county of residence of MARTA's joint tort-feasor.[5] It is uncontroverted that MARTA's only alleged joint tort-feasor (the operator of the bus) was a resident of Fulton County.[6]

[5] We note also that "[t]he Georgia Constitution provides that venue generally lies in the county where the defendant resides." *Carpenter*, 304 Ga. at 210, citing Ga. Const. of 1983, Art. VI, Sec. II, Par. VI.

[6] In their complaint, the Plaintiffs alleged that the bus operator was a resident of Fulton County; further, the Plaintiffs alleged that MARTA's principal place of business was in Fulton County and that its registered agent was on Piedmont Road, Atlanta, Georgia 30324. In its order denying MARTA's motion to dismiss or transfer the case, the State Court found that "both Defendants are residents of Fulton County."

Application of Section 10 (t) of the MARTA Act of 1965 does not place suit outside Fulton County (the resident-county of the alleged joint tort-feasor); thus, application of Section 10 (t) of the MARTA Act of 1965 does not contravene the Constitutional provision cited by the State Court. See *Carpenter*, 304 Ga. at 211 ("[T]he legislature has the authority to create reasonable statutory rules concerning venue when the Constitution leaves space to do so.").

Contrary to the State Court's determination,[7] *Glover*, 243 Ga. 479, does not provide for jurisdiction and venue in the State Court of Fulton County in this case, because *Glover* is distinguishable. In that case, MARTA was sued as a joint tort-

---

See generally *McDonald*, 251 Ga. App. at 230 ("Georgia law vested exclusive subject matter jurisdiction and venue for all actions against MARTA in the Superior Court of Fulton County.") (citing, inter alia, Section 10 (t) of the MARTA Act of 1965); *Jahncke Svc. v. Dept. of Transp.*, 134 Ga. App. 106, 109-110 (3) (213 SE2d 150) (1975) (analyzing whether special venue statutes are exclusive or cumulative of other venue statutes).

[7] The record shows that when the State Court denied MARTA's motion for reconsideration, it elaborated upon its reasoning, "Where, as here, both Defendants are residents of Fulton County, it is not required that the action be filed in Fulton Superior Court. Once it is determined that the exclusive venue provisions of the MARTA Act do not control, then venue is governed by the constitutional provision cited above [pertaining expressly to joint tort-feasors]."

6

feasor with a DeKalb County resident.[8] Id. at 480. Hence, *Glover* held that Section 10 (t) of the MARTA Act gave way to the Georgia Constitutional provision that then stated: "Suits against joint obligors, joint promisors, co-partners, or joint trespassers, residing in *different counties*, may be tried in *either county*." (Emphasis supplied.) *Glover*, 243 Ga. at 480-481, n. 4. As *Glover* further ascertained, "The phrase 'joint trespassers' has reference to joint tortfeasors." Id. at 481, n. 4.

We do not read *Glover* as authority for disregarding language expressly set forth in the cited Constitutional provision – i.e., that the joint tort-feasor contemplated thereby was "residing in [a] different count[y]." See *Gilbert v. Richardson*, 264 Ga. 744, 747-748 (3) (452 SE2d 476) (1994); ("[I]t is a basic rule of construction that a . . . constitutional provision should be construed . . . to give a sensible and intelligent effect to each part.") (citation and punctuation omitted).[9] Here, where MARTA's sole

---

[8] At the outset, *Glover* framed the question presented as "whether or not MARTA . . . may be sued for negligence . . . in a county other than Fulton County, i.e., the county of residence of a . . . joint tortfeasor." 243 Ga. at 479.

[9] See generally *Carpenter*, 304 Ga. at 210 (instructing that statutory interpretative principles may hold true for constitutional interpretation); *Davis v. Wallace*, 310 Ga. App. 340, 345 (2) (713 SE2d 446) (2011) ("A well-established canon of statutory construction, inclusio unius, exclusio alterius, provides that the inclusion of one implies the exclusion of the others.") (citation and punctuation omitted).

alleged joint tort-feasor was a resident of Fulton County, no conflict arises between the Georgia Constitutional provision cited by the State Court and Section 10 (t) of the MARTA Act. Accord *Fouche v. Jekyll Island-State Park Auth.*, 713 F2d 1518, 1523 (I) (B) (11th Cir. 1983) ("*Glover* . . . held that when M.A.R.T.A. was sued as a joint tortfeasor the Georgia constitutional venue provision which provides for an action against joint tortfeasors in the county of residence of any joint tortfeasor controlled. However, the *Glover* rule does not apply [where] there is no conflicting constitutional provision."). See generally *McDonald v. MARTA*, 251 Ga. App. 230, 232 (554 SE2d 226) (2001) (noting that "whenever possible, statutes are to be construed in connection and in harmony with the Constitution, other statutes, the common law, and decisions of the courts"). Moreover, as *Glover* went on to note: "[S]ection 10 (t) of the MARTA Act authorizes suit against MARTA only in the Superior Court of Fulton County as opposed to simply in Fulton County." *Glover*, 243 Ga. at 483, n. 7.

Therefore, to "give effect to that clear meaning [of Section 10 (t) of the MARTA Act of 1965,] . . . suit must be brought in the Superior Court of Fulton County." *McCain*, 135 Ga. App. at 462; see *McDonald*, 251 Ga. App. at 230-231 ("When jurisdiction and venue are based on MARTA, . . . and not on a joint tortfeasor [residing in a different county], the MARTA Act controls and the action must be filed

8

in the Superior Court, not the State Court, of Fulton County."). Given the foregoing, the State Court erred by not transferring this case to the Fulton County Superior Court. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."); *McDonald*, 251 Ga. App. at 231 ("Where exclusive jurisdiction to hear and determine a particular type of action is vested by law in the superior courts such an action mistakenly filed in a state court must be transferred to the appropriate court, not dismissed."); *J & A Pipeline Co. v. DeKalb County*, 208 Ga. App. 123, 127-128 (3) (430 SE2d 13) (1993) ("[T]he appropriate course of action for a court presented with a meritorious motion to dismiss for lack of jurisdiction or venue is to treat the motion as one for transfer and to transfer the case pursuant to the Uniform Transfer Rules[.]"), rev'd in part on other grounds, *DeKalb County v. J & A Pipeline Co.*, 263 Ga. 645 (437 SE2d 327) (1993). We thus reverse the judgment, and remand this case to the State Court for proceedings not inconsistent with this opinion. See generally *RC Cola Bottling Co. v. Vann*, 220 Ga. App. 479, 781 (2) (469 SE2d 523) (1996) (reversing judgment and remanding case, upon trial court's erroneous ruling on motion to transfer venue).

*Judgment reversed and case remanded. Mercier and Brown, JJ., concur.*

9