**Leroy CALLAHAN, Plaintiff-Appellant,**

v.

**H. M. PRICE, etc., et al.,
Defendants-Appellees.**

**No. 74–1029.**

United States Court of Appeals,
Fifth Circuit.

May 16, 1975.

Fred L. Banks, Jr., Jackson, Miss., for plaintiff-appellant.

Wm. B. Compton, Meridian, Miss., Harold W. Davidson, Carthage, Miss., for defendants-appellees.

ON PETITION FOR REHEARING

(Opinion December 13, 1974, 5 Cir. 1974, 505 F.2d 83.)

Before COLEMAN, CLARK and RONEY, Circuit Judges.

PER CURIAM:

In the petition for rehearing it is asserted that the panel misapprehended the chronology of some of the facts in this case. The response to the petition concedes the point. The mistakes reflected in the panel opinion occurred through dependence upon the appellant's

---

brief for a recitation of the facts. The facts were not there set forth in chronological order. The chronology apparently seemed of no particular importance to the appellant, except on petition for rehearing. We conclude that the exact chronology is of no decisional consequence. The hearings before the school board were extensive and involved numerous witnesses with continual switching of time frame in questions and answers. The evidentiary hearing before the district court was partially repetitious of facts covered in the hearings before the Board.

The parties now agree that the following portion of the panel opinion, 505 F.2d at 85, is chronologically incorrect in that these events did not occur during the 1970–71 year as indicated in the paragraph immediately preceding the following quotation:

He set about to assure equal participation in all of the school's activities by placing blacks on the cheerleader squad in representative numbers, by allowing blacks to participate fully in homecoming and fund raising activities, and by placing blacks on the local board of trustees. These actions incurred the wrath of several of the white patrons of the school. Callahan was referred to in derogatory terms, signs were painted along the route he traveled to his farm each day, and, on occasions, threats were passed along to him and to his friends and supporters.

In spite of this opposition to Callahan he was reemployed for the 1971–72 school term.   .   .   .

The following events occurred during the fall months of the 1972–73 school year, *after* rather than *before* the run-in with the popular football coach in the 1971–72 school year:

(1) Placing blacks on cheerleader squad in representative numbers;

(2) Allowing blacks to participate fully in homecoming and fund raising activities;

(3) Placing blacks on local board of trustees;

(4) Callahan referred to in derogatory terms;

(5) Signs painted along the route Callahan traveled to his farm;

(6) Occasional threats passed along to Callahan, his friends and supporters.

The panel opinion is in apparent error also for indicating that Superintendent Price recommended Callahan for reemployment in 1971 and 1972. He was in fact recommended for these two terms of employment by the Leake County superintendent of education, the predecessor to Superintendent Price, who did not take office until January 1972. Superintendent Price then recommended Callahan for reemployment for the 1972–73 school term. This recommendation was made in January 1972. At that time Price testified that he was unaware of any opposition to Callahan, which "bloomed out" later in the spring of 1972 when petitioner Callahan failed to recommend football coach Johnny McCloud and three other teachers for rehiring for the school year 1972–73.

A review of the record convinces us, however, that the facts, when correctly apprehended, although not as strong as originally recited in the panel opinion, nevertheless support the conclusion that we cannot hold to be clearly erroneous the finding of the trial court that, despite the fact that some of the opposition to Callahan was racially motivated, Superintendent Price's decision not to reemploy Callahan was based on considerations and opposition unrelated to any efforts of the principal to comply with court-ordered desegregation. Although the original panel opinion may have misapprehended the correct chronology, the district court did not. In the view of the panel, on the first chronology, Callahan's unpopularity because of his racial activities was exacerbated by the Coach McCloud incident and the failure to recommend him for reemployment. In the correct view of the facts, the unpopularity because of the run-in with the football coach and other teachers was exacerbated by his activities in relation to the black students. One hand washes

the other. The smooth working operation of a school is of utmost importance to the education of its students, particularly in a school attempting to implement court-ordered desegregation. As we concluded in the original opinion filed in this case, the findings and conclusions of the district court are supported by substantial evidence and are not clearly erroneous under F.R.Civ.P. 52(a).

The petition for rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the petition for rehearing en banc is denied.