**Sanford W. WOOD, William D. Norwood, Jr., University of Southern Mississippi Chapter of the American Civil Liberties Union of Mississippi, Plaintiffs-Appellants,**

v.

**UNIVERSITY OF SOUTHERN MISSISSIPPI, William D. McCain, President, et al., etc., Defendants-Appellees.**

No. 75–1363.

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1976.

---

Joel M. Gora, Staff Counsel, ACLU, New York City, for plaintiffs-appellants.

Ed Davis Noble, Jr., Spec. Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before RIVES, GOLDBERG and GEE, Circuit Judges.

RIVES, Circuit Judge:

This action was brought against the Administrators of the University of Southern Mississippi (USM) by two professors, Dr. Sanford W. Wood and Dr. William D. Norwood, Jr., and by the USM Chapter of the American Civil Liberties Union (ACLU). The professors claim that their teaching contracts were not renewed because of their exercise of the rights of free speech and association secured by the First and Four-

teenth Amendments of the United States Constitution. Additionally, the professors contend that the defendants' failure to provide them with notice and a hearing prior to the termination of their contracts violated procedural due process under the Fourteenth Amendment. The USM Chapter of the ACLU contends that the University has violated its rights under the First and Fourteenth Amendments by harassment and repression of its organizational activities on the USM campus.

The University of Southern Mississippi is a state-supported institution of higher learning. See Chap. 119, §§ 37–119–1, *et seq.* Miss.Code (1972). In the summer of 1970 the school's administrators denied the Mississippi Civil Liberties Union recognition as a student organization. Litigation in federal court ensued, resulting in a decision of this Court which required the University to grant official status to the ACLU Chapter. *University of So. Miss. M. C. L. U. v. University of So. Miss.,* 5 Cir. 1971, 452 F.2d 564.

While the University officially recognized the ACLU Chapter, plaintiffs claim that its officials monitored the initial organizational meeting of the chapter; that the University took adverse action against five faculty members (including Plaintiff Norwood) who were present at that meeting; and that Plaintiff Wood was given a terminal contract shortly after he became the Chapter's faculty adviser.

Following a lengthy trial, the district court held that Plaintiffs Wood and Norwood had not met their burden of establishing that non-renewal of their contracts was in retaliation for the exercise of their constitutional rights. Rather, the court found that the decision not to renew Dr. Wood's contract was based on valid academic-economic reasons and that the decision in Dr. Norwood's case was based on his failure to perform his job in a satisfactory manner.

In regard to the professors' procedural due process claims, the court, after establishing that neither plaintiff had de facto or de jure tenure, held that the University had not violated procedural due process when it failed to renew their contracts without a prior hearing. Likewise, the court found the ACLU claim lacking in evidentiary support that any of the named defendants attempted to deny or had denied the ACLU Chapter any privilege or treated it in any manner different than other campus organizations. Plaintiffs have appealed from the judgment entered in accordance with these findings and conclusions.

The district court found that Dr. Wood and Dr. Norwood did not have tenure under the University's tenure system,[1] nor did they have "de facto" tenure as a result of their "expectancies" of re-employment "in light of 'the policies and practices of the institution.' *Sindermann v. Perry,* 5 Cir. 1970, 430 F.2d, at 943." *Perry v. Sindermann,* 1972, 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570; see also *Board of Regents v. Roth,* 1972, 408 U.S. 564, 566, 92 S.Ct. 2701, 33 L.Ed.2d 548. Accordingly, the University was under no obligation to provide a hearing to Dr. Wood or Dr. Norwood prior to the non-renewal of their contracts.

On this appeal, Dr. Norwood claims that the district court erred in finding that he did not have "de facto" tenure. Furthermore, he maintains that the University violated his constitutionally protected interest in liberty by basing its determination decision partly on a charge of "immorality."

Neither of Dr. Norwood's arguments have merit. As to "de facto" tenure, the district court properly concluded that there was no objective basis for Dr. Norwood's expectation of re-employment given the published regulations of the University which certainly required a minimum of as much as three years' uninterrupted teaching[2] at the University in order to attain

---

1. This system was established by the Board of Trustees of State Institutions of Higher Learning and is set out in the USM Faculty Handbook 3–6 (1973–1974).

2. The USM Faculty Handbook reads: Beginning with appointment at the institution to any professional rank, the probationary period shall be three to five academic years." (App. 299.)

tenure. Also without support is Dr. Norwood's liberty interest claim. In pertinent part the termination letter to Dr. Norwood read:

"This letter is to notify you officially that your employment at the University of Southern Mississippi will terminate at the expiration of your contract, May 30, 1972." (App. 293.)

The reasons for this action were not disclosed. It was not until the discovery stage of this lawsuit that the immorality charges against Dr. Norwood surfaced. The injury to Dr. Norwood's reputation was thus inflicted at the trial and was not the result of any administrative action taken by the University. See *Ortwein v. Mackey*, 5 Cir. 1975, 511 F.2d 696, 699.

█ After reviewing the record, this Court agrees with the district court's findings that the defendants did not attempt to treat the ACLU Chapter in any way different from other organizations, and did not discourage any faculty member from serving as a faculty adviser. Clearly, the plaintiffs failed to carry the burden of proof of their claims of harassment or repression of the ACLU Chapter. Such claims are supported by little testimony and that is amply refuted by the University's administrators and by Professor Gordon Weaver, who was faculty adviser for the Chapter at the time of trial.

█ At the time of trial, Dr. Pearson, Chairman of the Department of Philosophy, Anthropology and Religion, Dr. Wood's supervisor, had moved to Butte, Montana, and was recuperating from heart trouble. For health reasons, Dr. Pearson's physician advised him not to travel to Mississippi for the trial. Plaintiffs moved for a continuance of the trial, contending that the case should be held in abeyance until Dr. Pearson could come and testify in person. The district court denied their motion and admitted Dr. Pearson's deposition in evidence. Other USM administrators did testify at trial and gave testimony similar to that in Dr. Pearson's deposition. We hold that the district court did not abuse its discretion in denying plaintiffs' motion for continuance.

Without intending to establish a precedent on standard of review in teacher dismissal cases, but for purposes of this case only,[3] we have made an independent and careful review of this entire record. That review has convinced us that the extensive findings of fact and conclusions of law appearing in the Appendix at pages 86–109 are in all material aspects sound and correct. So agreeing with the findings of fact and conclusions of law of the district court, we adopt them as a part of this opinion. This case turns essentially on its own particular facts and circumstances and publication of the district court's findings and conclusions would be of little or no precedential value. Hence, we do not attach them nor order them published. Since we find no reversible error in the record, the judgment is

AFFIRMED.

3. Compare *Callahan v. Price*, 5 Cir. 1974, 505 F.2d 83, *aff'd on reh. and reh. en banc den.*, 513 F.2d 51 (1975), with *Jacobellis v. Ohio*, 1964, 378 U.S. 184, 188, 189, 84 S.Ct. 1678, 12 L.Ed.2d 793; and *United States v. Groner*, 5 Cir. 1973, 479 F.2d 577, 579.