**Mildred C. MONTGOMERY, Plaintiff-Appellant,**

v.

**Dr. Onva K. BOSHEARS, individually and as Dean of the School of Library Science, and The University of Southern Mississippi, Defendants-Appellees.**

**No. 82–4326**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1983.

Blessey & Cavanaugh, Gerald Blessey, Biloxi, Miss., for plaintiff-appellant.

Ed David Noble, Jr., Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff, a non-tenured librarian formerly employed at the defendant University of Southern Mississippi, appeals from the grant of summary judgment against her in this 42 U.S.C. § 1983 suit against the university and its dean. The suit alleges that the plaintiff was denied procedural due process in the nonrenewal of employment in violation of her First and Fourteenth Amendment rights. We affirm the lower court's finding that, under the showing made, no factual issues preclude summary judgment and that the university's refusal to renew the plaintiff's yearly employment contract is not shown either to constitute a deprivation of a liberty or property interest sufficient to invoke the procedural due process protections of the Fourteenth Amendment, or to result as an impermissible consequence of the plaintiff's exercise of First Amendment rights.

The principal complaint on appeal is that the trial judge, in granting the defendants' motion for summary judgment, placed undue weight upon the plaintiff's failure to file counter-affidavits or other factual showing to contradict the factual contents of the deposition and affidavits introduced by the defendants in support of their motion. Fed.R.Civ.P. 56(c). The plaintiff points out that there was no necessity for her to do so, where the opposing party's factual showing does not exclude material factual inferences indicating genuine issues of fact that preclude summary judgment. "The non-moving party is not required to respond unless and until the moving party has properly supported the motion with sufficient evidence, [only then must he] come forward with specific offers of evidence to present a material factual dispute." *Environmental Defense Fund v. March*, 651 F.2d 983, 991 (5th Cir.1981).

Here, the pleadings and factual evidence show that the plaintiff was an untenured librarian at the Mississippi university in question. The allegations of the plaintiff's complaint are that she had a property interest in the position and a reasonable expectation of reemployment under the customs, practices, and circumstances of her employment. The allegations also state that the defendant dean had slandered her in the course of the nonrenewal hearings by stating publicly that she had to be removed "for the good of the library", (which, she contends, entitles her to a due process hearing for the deprivation of this liberty interest in her good name). The plaintiff further alleges that the nonrenewal of her contract was in reprisal for her exercise of the right of free speech in criticizing newly adopted library procedures and the appointment, in preference to her, of a person who did not hold an accredited library degree.

The defendants introduced the deposition of the dean and two affidavits to negative any public statement of the reasons for her nonrenewal and to prove that, as an untenured librarian in the university system, the plaintiff could rely for continued employment only upon her contract, which permitted nonrenewal without cause (upon timely notice, here given), thus excluding any cus-

tom, practice, or reasonable expectation as giving rise to de facto tenure. The dean also gave positive and unequivocal testimony as to the substantial reasons for the nonrenewal of her contract that were entirely independent of the plaintiff's criticism of library procedures many months earlier.

The plaintiff did not file counter-affidavits or other factual showing to contradict these facts educed by the defendant. Viewing the uncontested factual showing in a light most favorable to the plaintiff, we must nevertheless agree with the trial court that neither the facts shown (nor the plaintiff's pleadings, insofar as not contradicted by the defendants' factual showing) reveal a genuine issue of disputed fact and, further, that the undisputed factual showing entitled the defendants to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ A non-tenured university employee has no property interest under the Fourteenth Amendment in continued government employment, and is therefore not entitled to constitutionally-mandated due process procedural safeguards upon the failure of the university to renew his contract at the end of its term. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709–10, 33 L.Ed.2d 548 (1972). Here, the defendant university complied with its written procedures in providing at least twelve months notice of its intention not to renew the plaintiff's contract at the expiration of its term.

The plaintiff presented no evidence of the existence of conditions of de facto tenure that would support an expectation of continued employment constituting a property interest. *Compare Perry v. Sinderman,* 408 U.S. 593, 603, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972) (genuine issue of fact presented where non-tenured teacher offered evidence of college guidelines creating implied condition of continued employment) *with Wood v. University of Southern Mississippi,* 539 F.2d 529, 531 (5th Cir.1976) (no objective basis presented to sustain a non-tenured teacher's expectation of reemployment).

■ In addition, the plaintiff argues that Mississippi Code Ann. § 37–101–15(f) (1972), creates a reasonable expectation of continued employment. The statute provides that the Board of Trustees of a state university "shall have the power and authority to terminate [employment] contract[s] at any time for malfeasance, inefficiency, or contumacious conduct, but never for political reasons.". The statute merely provides that the university may not *terminate* an existing contract except for the stated reasons, not that it must show cause before exercising its discretion not to renew the plaintiff's contract after expiration by its terms. Insofar as the statute provides that "[i]t shall be the policy of the board to *elect* all *officials* for a definite tenure of service, and to re-elect during the period of satisfactory service", the statutory reference is to a preceding sentence providing that the board shall have the power to "*elect* the heads of the various institutions of higher learning . . . for a term of not exceeding four years." It does not refer to the power of the board to "contract" with deans, professors, and other faculty members, including any contracts with non-tenured faculty members. The statute thus does not create a property interest under state law entitling her to due process protection. *See Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).

■ The plaintiff's liberty interest claim is also without support. There is no showing here raising an implication that the university merely "in declining to re-employ" the plaintiff, "imposed on [her] a stigma or other disability that foreclosed her freedom to take advantage of other employment opportunities," *Board of Regents v. Roth, supra,* 408 U.S. at 573, 92 S.Ct. at 2707. The reasons for the nonrenewal were not made public, *see Bishop v. Wood, supra,* 426 U.S. at 348, 96 S.Ct. at 2079.

■ However, even when there has not been deprivation of a protected interest, the nonrenewal of a nontenured public employee's contract may not be predicated on the

plaintiff's exercise of First Amendment rights. *Perry v. Sindermann, supra,* 408 U.S. at 597–98, 92 S.Ct. at 2697–98. The plaintiff possesses the burden of proof to show that her constitutionally-protected conduct was a "substantial" or "motivating" factor in the decision not to rehire, after which the university must demonstrate by a preponderance of the evidence that it would have reached the same decision as to the employee's reemployment in the absence of the conduct. *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977).

■ In this case, the evidence shows that the plaintiff criticized verbally and in letters to the university the appointment of her supervisor and the implementation of a library computer system. We will assume that these statements should be accorded the same protection as the speech in *Mt. Healthy* and *Perry* as expressions on "matters of public concern," rather than being indications of dissatisfaction with the internal workings of the department in which the plaintiff was hired.

The plaintiff has not filed supporting affidavits, pleadings, or documents setting forth any facts that her contract was not renewed in retaliation for this exercise of speech. While such may not have been necessary, nevertheless any favorable inference we may draw on the plaintiff's behalf is rebutted by the defendants' presentation of uncontradicted deposition of the head of the department that sets forth many instances of the plaintiff's insubordination and disruption of the department that resulted in nonrenewal.

We cannot say that summary judgment is never appropriate for these employee speech claims where the defendant so clearly had compelling independent reasons for not continuing employment. *See Carmichael v. Chambers County Board of Education,* 581 F.2d 95, 97 (5th Cir.1978). Since the plaintiff did not raise a genuine issue of fact or inference that disputes her failure to carry her *Mt. Healthy* burden of showing that the protected expression was a substantial or motivating cause for nonrenewal

of her contract, we need not reach the determination made by the district court that, here, the "employee's exercise of his constitutional privileges has clearly overbalanced his usefulness and destroyed his value," a permissible reason for discharge, *Truly v. Madison General Hospital,* 673 F.2d 763, 767 (5th Cir.1982), an issue that might raise conflicting factual inferences and preclude summary judgment.

Because the plaintiff has not shown the existence of a genuine dispute of material fact regarding a protected due process interest or a violation of her First Amendment rights, we affirm the order granting the defendants' summary judgment that dismissed the suit.

AFFIRMED.