Clarence A. ROBINSON,
Plaintiff-Appellant,

v.

Joe L. BOYER, Defendant-Appellee.

No. 86–4751.

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 1987.

Frederick B. Clark, Greenwood, Miss., for plaintiff-appellant.

Edwin Lloyd Pittman, Atty. Gen., Gail W. Lowery, Robert L. Gibbs, Asst. Attys. Gen., Jackson, Miss., for defendant-appellee.

Before RANDALL, WILLIAMS and GARWOOD, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Clarence Robinson filed this cause of action in district court pursuant to 42 U.S.C. § 1983 against appellee Joe L. Boyer, the President of Mississippi Valley State University (MVSU), after he was dismissed from his position as MVSU's Acting Coordinator of Security. Robinson claimed that the manner in which he was terminated violated his rights to procedural due process, substantive due process, and freedom of speech and association. The district court, in a bench trial, determined that Robinson failed to prove any violation of his constitutional rights and entered judgment in favor of appellee Boyer. 643 F.Supp. 975 (N.D.Miss.1986). We affirm.

## I. *Facts*

Appellant Robinson began working for MVSU as a Security Officer in September, 1978. He was later promoted to Acting Coordinator of Security on December 1, 1982, a position he held until his dismissal in January, 1984. As a non-tenured employee, Robinson was rehired by MVSU on a year to year basis. His last employment contract with MVSU began on July 1, 1983 and was to have expired on June 30, 1984.

Some time after July 1, 1983, Finley Horton, the Chief Fiscal Official of MVSU and Robinson's immediate supervisor, became dissatisfied with Robinson's refusal to im-

plement his orders and recommendations.[1] He met with Robinson on several occasions during the fall and winter of 1983 to discuss Robinson's performance as Acting Coordinator of Security. Appellee Boyer was also present at some of these meetings. Boyer and Horton believed that campus security should operate as a security force rather than a police unit and instructed Robinson to reduce the time campus security spent solving crimes and to increase the security force functions. Robinson disagreed with this philosophy and publicly criticized the policies established by Horton and Boyer.

On January 20, 1984, Horton met with Boyer to discuss the problems that he had been experiencing with Robinson. While Horton originally requested that Robinson be transferred from his supervision, Boyer told Horton to submit a letter recommending that Robinson be discharged. Horton complied with Boyer's directive and recommended that Robinson be terminated for "contumacious conduct." Boyer then wrote to Robinson informing him that he was dismissed from his position as Acting Coordinator of Security as of January 31, 1984. The letter stated no reason for the termination, but informed Robinson that he had the right to appeal through the procedures set out in the *MVSU Personnel Factbook*. Robinson was also instructed to contact his immediate supervisor if he had any questions.

Robinson notified Boyer on January 24, 1984, that he was requesting a termination hearing in accordance with the procedures contained in the *MVSU Personnel Factbook*. Robinson's attorney also wrote to Boyer asking that Robinson be given specific reasons for his termination and the names of persons who would support the allegations against him. In response, Robinson received a letter dated January 24, 1984 from Percy Washington, the Director

of Personnel at MVSU, informing him that his termination hearing had been scheduled, that the reason for his dismissal was contumacious conduct, and that MVSU's principal witness against Robinson would be Finley Horton, although other administrative personnel might also be called upon to testify.[2]

Robinson's termination hearing was held on February 6, 1984, before a committee composed of two budgetary officers, and a representative of the Personnel Office. Robinson, accompanied by counsel, appeared at the hearing and presented witnesses and other evidence on his behalf.

Two of the three members of the hearing committee determined that Robinson's termination for "contumacious conduct" was not justified by the evidence. The hearing committee's decision, however, was subject to Boyer's review as the President of MVSU, and Boyer elected to uphold Robinson's termination.

Robinson filed suit against Boyer in the United States District Court for the Northern District of Mississippi alleging that his constitutional rights had been violated by his termination. He also brought a breach of contract action against MVSU in state court. The state court suit was settled, and Robinson received full back wages as damages for lost employment between the date of his discharge and the expiration date of his contract.

Robinson's federal suit involving constitutional claims was tried to the court. The court entered final judgment in favor of Boyer. Robinson filed timely notice of appeal.

## II. *Due Process Claims*

The parties briefed in detail and argued appellant's procedural due process claims involving the right to a hearing before discharge and a hearing after discharge, the

---

**1.** At trial, Horton testified that Robinson refused to conduct fire drills on a regular basis, failed to warn and discipline officers adequately for breaches of duty, failed to develop a building security plan, failed to submit copies of staff meeting minutes, refused to conduct seminars with students, refused to employ a foot patrol

on campus, and refused to implement a five-man patrol to reduce overtime to aid the University in acting within its budgetary constraints.

**2.** Personnel Director Percy Washington also testified against Robinson at the termination hearing.

right to be appraised of the charges, and various other procedural matters concerning the hearing. Further, Robinson claims bias on the hearing panel and that his discharge by the president after a majority board vote in his favor was arbitrary and capricious. The district court in its opinion covered each of these issues.

We do not see it as necessary to evaluate these detailed constitutional claims. The case is much more simply resolved. By virtue of appellant's breach of contract suit in state court, he has been compensated in full for the fact his position was terminated before his one year contract expired. He has been paid full wages for the rest of the year. In simple terms, this means that he has suffered no damage from his termination for the year in question. Economically it is just as if he had never been discharged.

In this circumstance, whether his discharge was properly carried out on the procedural or substantive basis is totally irrelevant because the discharge has been eliminated and he has been fully compensated under his employment contract. As to this contract year, he makes no claim under § 1983 of the violation of a federal right that would be compensated in any way differently from full compensation for the year his contract was in effect. And he has received that compensation.

The only possibility of a claim based upon procedural or substantive mistreatment under the Constitution by the administration of MVSU, therefore, has to be based upon his claim that he had a continued expectation of employment after the one year contract expired on June 30, 1984. His claim is that nontenured employees of MVSU have been automatically rehired unless they engage in conduct which would justify termination for cause. The district court found, however, that "there were not mutually explicit understandings to support Robinson's claim of entitlement to employment after June 30, 1984," and that "Robinson did not have a reasonable expectation of continued employment subsequent to June 1984 with the university in any capacity since he had demonstrated to his

superiors that he would follow their orders and recommendations only if he agreed with them."

"While an implied contract can be the source of a protected property in employment, it cannot do so in the absence of 'mutually explicit understandings that support [the employee's] claim of entitlement.'" *White v. Mississippi State Oil & Gas Board*, 650 F.2d 540, 541 (5th Cir.1981) *quoting Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). Thus, we face the finding of the district court that there was not a reasonable expectation of continued employment. We must test this finding on the record to see if it is clearly erroneous. *Bernstein, Seawell & Kove v. Bosarge*, 813 F.2d 726, 729 (5th Cir.1987). A careful review of the record shows that the finding by the district court as to a lack of expectancy of continuity of employment is clearly supported by the evidence. Appellant was in a security position, he had been notified in writing as to various deficiencies in his work. Instead of undertaking to correct those deficiencies, he had defied his superiors. In addition he was not in the kind of position were tenure and continuity are the expected and normal developments as in *Perry v. Sindermann*. His was the kind of administrative position which depends upon satisfying his superiors by carrying out their policies. We conclude that the finding of the district court that he had no reasonable expectation of continuing employment after his contract expired must be upheld as not clearly erroneous.

Once it is established that he had no reasonable expectation of continuing employment, and he had been fully compensated for his employment until his contract expired, he is left with no claim for damages under § 1983 for violation of his property rights. There was no attempt to undertake to prove personal damages by way of mental anguish, etc. Since he had no expectation of continuing employment the procedures under which he was discharged from the "opportunity" for continuing employment are irrelevant since he did not have such a claim.

### III. *First Amendment Claims*

We briefly mention his First Amendment claims although the record shows that the measure of his claim for damages for violation of First Amendment rights was based solely on loss of compensation through discharge. Thus, he is precluded from recovery by the same full contract payment which he received. Further damages would be irrelevant since he did not have any expectation of continuing employment. The sensitivity of claimed impairment of First Amendment rights, however, leads us to dispel any possibility that there was such an invasion of constitutional rights.

Appellant's claim is that he was terminated in violation of his First Amendment right to free speech because he publicly criticized the administration's decision to operate campus security as a security force rather than a police force. He also contends that his First Amendment right of association was violated because one of the reasons for his termination was his living arrangement with a female faculty member. We agree with the district court's conclusion that neither of appellant's allegations possesses any merit.

■ Robinson had the burden of proof to show that his conduct or speech was a "substantial" or "motivating" factor in MVSU's decision to terminate him before the end of his contract. *See Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *Montgomery v. Boshears,* 698 F.2d 739, 743 (5th Cir.1983). The district court determined that "the reason for Robinson's termination was his repeated refusals to comply with Horton's orders and recommendations because of a philosophical difference between Robinson and his superiors as to the security force's proper role," and that "Robinson's living arrangement was not a 'substantial' or 'motivating' factor in the decision not to rehire." On the record, these findings are not clearly erroneous. We affirm the district court's conclusion that appellee did not violate any of appellant's First Amendment rights.

### IV. *Conclusion*

We find that any claims that appellant might have had for violation of his constitutional rights were eliminated by the state court settlement compensating him in full for the termination of his contract and by a factual holding supported by the evidence that he had no reasonable expectation of continuing employment after his contract expired. The decision of the district court denying any recovery under 42 U.S.C. § 1983 is

AFFIRMED.