A04A0078. JARRARD v. CLARENDON NATIONAL INSURANCE COMPANY.

(600 SE2d 689)

ADAMS, Judge.

Under Georgia law, insurers of motor common carriers and motor contract carriers may be joined directly in an action for injuries caused by the insured. But, under certain circumstances when a vehicle is engaged exclusively in the transportation of certain agricultural or dairy products, it is not considered a motor carrier and the insurer may not be sued directly. In this case we must determine whether the exception applies to a tractor-trailer carrying a load of plywood.

In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence and construes that evidence in the light most favorable to the nonmoving party. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996). So construed, the evidence shows that on February 12, 2001, James Jarrard was involved in an accident with a tractor-trailer driven by Steve Cook that was owned by his employer, Fairfield Trucking Company. Clarendon National Insurance Company provided liability insurance coverage to Fairfield Trucking at the time. Cook was hauling plywood between two Georgia Pacific facilities when the accident occurred.

On May 15, 2001, Jarrard sued several parties in Douglas County Superior Court including Cook and Fairfield Trucking. On January 29, 2003, Jarrard moved to add Clarendon as an additional party pursuant to OCGA § 46-7-12 (c). Jarrard's motion was granted on January 30. On March 7, Clarendon moved for summary judgment on the ground it was exempt from direct action as a hauler of

agricultural products under OCGA § 46-1-1 (9) (C) (x). The trial court granted Clarendon's motion on June 16, and Jarrard now appeals.

In Georgia, a person filing suit against a motor common carrier or motor contract carrier may join the insurance carrier in the same action. OCGA § 46-7-12 (c). See generally OCGA § 46-1-1 (9) (A), (B). However, OCGA § 46-1-1 (9) (C) (x) provides an exemption from the definition of motor contract carrier and motor common carrier if the vehicle was engaged exclusively in the transportation of agricultural or dairy products, as defined therein, between farm, market, gin, warehouse or mill so long as the title of the products remains in the producer. As defined therein, " 'agricultural products' includes fruit, livestock, meats, fertilizer, *wood, lumber*, cotton, and naval stores. . . ." (Emphasis supplied.) Id.

The burden of proof as to whether this exemption is applicable lies with the party claiming it, and there is no burden on the opposing party to prove that the truck is not within the exemption. *Ga. Cas. & Surety Co. v. Jernigan*, 166 Ga. App. 872, 874 (1) (305 SE2d 611) (1983). Although "at summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case," *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991), here Clarendon has the burden of proof and cannot merely rely upon the absence of evidence in the record disproving that the exemption applies. See *Ponse v. Atlanta Cas. Co.*, 254 Ga. App. 641, 644 (563 SE2d 499) (2002); *Hess v. Textron Automotive Exteriors*, 245 Ga. App. 264, 266 (2) (536 SE2d 291) (2000). So, the issue is whether Clarendon has carried its burden of showing that the Fairfield tractor-trailer involved in the accident was exclusively engaged in the transportation of wood or lumber.

Setting aside the questions of whether the terms "wood" or "lumber" can be construed to include plywood, or whether the plywood was being transported between the proper type of facility, the only evidence offered to show that the Fairfield tractor-trailer was used *exclusively* to transport plywood is the fact that it was carrying plywood on the day of the accident.

"Exclusively" means

> Apart from all others; only; solely; substantially all or for the greater part. To the exclusion of all others; without admission of others to participation; in a manner to exclude.

Black's Law Dictionary (5th ed. 1979), p. 507. And this Court has made clear that this exemption is to be strictly construed against the carrier:

"The statute under review is a revenue or tax-raising measure." [Cit.] As such, OCGA § 46-1-1 [(9)] is subject to certain rules of statutory construction. With specific reference to OCGA § 46-1-1 [(9)] (C), the following is applicable: "Exemptions from taxation are to be strictly construed against the taxpayer. . . ." [Cits.]

*Jernigan*, 166 Ga. App. at 874 (1).

Accordingly, if at any time up to and including the time of the collision with Jarrard, the tractor-trailer was not used in the transportation of exempted products, "[it] would not have been engaged 'exclusively' in the transportation of exempted products and would not qualify [Fairfield Trucking] for the exemption. . . ." *Jernigan*, 166 Ga. App. at 875 (1). Because Clarendon only introduced evidence of what the tractor-trailer was carrying on the day of the accident, it did not meet its burden of showing that it was used exclusively to transport wood or lumber. See, e.g., id.; *Smith v. Commercial Transp.*, 220 Ga. App. 866, 868-869 (3) (470 SE2d 446) (1996) (evidence that truck was hauling an exempt product on the day of the accident is insufficient to show that it is used exclusively for that purpose). For this reason, the trial court erred by granting summary judgment to Clarendon.

*Judgment reversed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED MAY 26, 2004.

*Melinda D. Taylor, Sharon T. McCoy*, for appellant.

*Jenkins & Olsen, Jeffrey M. Hood, Brandon L. Bowen, Dennis, Corry, Porter & Smith, Stephanie C. Patel*, for appellee.