**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 23, 2019**

# In the Court of Appeals of Georgia

A19A0847. NATIONAL INDEMNITY COMPANY v. LARISCY

BARNES, Presiding Judge.

After John Wayne Lariscy was injured in an accident with a semi tractor trailer truck, Lariscy and his wife filed a complaint and amended complaint for damages in Screven County State Court against several defendants, including David Burke, d//b/a D & J Trucking, its insurer, National Indemnity Company, and the truck driver, Dennis Stewart. National Indemnity filed its answer, defenses, and a counterclaim and cross-claim for a declaratory judgment as to its duties and obligations under the insurance policy. National Indemnity also asserted that the superior court rather than the state court had subject matter jurisdiction over its counterclaim and cross-claim for a declaratory judgment. National Indemnity subsequently filed a motion for summary judgment in which it asserted that there was no coverage under the policy

because the driver was an "excluded driver" under the policy and also that the uppermost limit of any coverage in this case should be the $100,000 mandated by Georgia law. After stating in an email that it lacked subject matter jurisdiction, the trial court entered an order in which National Indemnity's motion was denied "in the entirety" without further explanation. Following this Court's grant of National Indemnity's application for interlocutory appeal, this appeal ensued. For the reasons discussed below, we vacate the trial court's order and remand for further action consistent with this opinion.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. *Wooden v. Synovus Bank*, 323 Ga. App. 794, 794 (748 SE2d 275) (2013). This Court reviews the denial of summary judgment de novo, construing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Birnbrey, Minsk & Minsk, LLC v. Yirga*, 244 Ga. App. 726, 726 (535 SE2d 792) (2000). "We do not resolve disputed facts, reconcile the issues, weigh the evidence, or determine its credibility, as those matters must be submitted to a jury for resolution." *Tookes v. Murray*, 297 Ga. App. 765, 766 (678 SE2d 209) (2009).

2

So viewed, the record demonstrates that in the early morning of December 10, 2013, a semi tractor trailer owned by D & J Trucking, and driven by Stewart, was hauling logs when Lariscy's vehicle collided with the logs extending from the back of the semi. Lariscy sustained severe and permanent personal injuries,[1] including a spinal cord injury, and at the time of the filing of the complaint, had incurred medical expenses in excess of one million dollars. Lariscy and his wife (hereinafter collectively "Lariscy") filed a complaint for damages against several defendants, including, Burke, D & J Trucking, and its insurer, National Indemnity Company, in the State Court of Screven County. National Indemnity filed its answer and defenses in which it admitted that the company owned the truck at issue, that the truck was hauling cut logs on the day of the accident, that the accident occurred, and that it provided liability insurance for the truck. National Indemnity also claimed as a defense, counterclaim and cross-claim that the state court lacked subject matter jurisdiction to declare its rights and responsibilities pursuant to Georgia's Declaratory Judgment Act, including whether it owed a defense or indemnity to Burke, or the amount of coverage due beyond the statutory minimum limits required in Georgia. It

---

[1] When deposed, Lariscy testified that he could not recall the collision with the tractor trailer and had no personal knowledge of the events associated with the crash.

3

further asserted that the superior court had exclusive jurisdiction over its counter claim and cross-claim pursuant to the Declaratory Judgment Act.

National Indemnity thereafter attempted to remove the case to federal court "on the basis of federal question jurisdiction." However, when National Indemnity amended its notice of removal to note that it had erroneously stated that D & J Trucking had agreed to removal of the action to federal court, the parties consented to remanding the case back to the state court. The resulting order closed the case in federal court.

National Indemnity subsequently moved for summary judgment, arguing that there was no coverage for the incident because the policy's Driver Exclusion Endorsement Form M-3841 stated that "[t]his policy does not apply to any claim or loss arising from accidents or occurrences involving any covered auto while being driven or operated by Dennis Stewart." It also asserted that the uppermost limit of any coverage in this case should be the minimum coverage mandated by Georgia law of $100,000 rather than the minimum limits of $750,000 prescribed by the Federal Motor Carrier Safety Administration ("FMCSA"). See 49 CFR § 387.9 According to National Indemnity, the statutory minimum limits under FMCSA did not apply

4

because the policy did not include an "MCS-90 Endorsement,"[2] which would have raised the liability limits to $750,000. It further asserted that the MCS-90 Endorsement does not apply to purely intrastate trips or to the transport of agricultural goods, including logs.

---

[2] An MCS-90 endorsement to an automotive insurance policy obligates an insurer to cover an insured's negligence involving vehicles subject to the financial responsibility requirements of the Motor Carrier Act. The Motor Carrier Act, in turn, creates minimum levels of financial responsibility for the transportation of property by motor carrier within the United States. The purpose of a MCS-90 endorsement is to assure compliance with federal minimum levels of financial responsibility for motor carriers. The MCS-90 endorsement must be attached to any liability policy issued to for-hire motor carriers operating motor vehicles transporting property in interstate commerce. The endorsement creates a suretyship, which obligates an insurer to pay certain judgments against the insured arising from interstate commerce activities, even though the insurance contract would have otherwise excluded coverage.

(Citations and punctuation omitted.) *Grange Indemnity Ins. Co. v. Burns*, 337 Ga. App. 532, 533-534 (788 SE2d 138 ) (2016). See 49 CFR § 387.7.

National Indemnity noted that the policy did include a "Form F Uniform Motor Carrier Bodily Injury and Property Damage Liability Insurance Endorsement."[3] Thus, it maintained, notwithstanding the driver exclusion provision, the uppermost limit of its liability would only be the Georgia minimum of $100,000.

Lariscy opposed the motion for summary judgment, arguing that the state court lacked subject matter jurisdiction to determine the issues raised by the Company, which were issues to be resolved by means of a declaratory judgment in superior court, and alternatively, that there was a clear duty to defend, that a MCS-90 endorsement increasing liability limits to $750,000 should be applied because the Company was operating in interstate commerce, and that at a minimum, National Indemnity was obligated to pay $100,000. In response, the trial court emailed the parties the following:

> In considering the briefs in the above motion, the Court determines that
> [National Indemnity's] motion is asking the court to determine whether
> or not a driver was an excluded driver and to determine coverage.

---

[3] The endorsement known as a "Form F" endorsement has the effect of providing liability insurance for vehicles not described in the policy to the extent of the minimum amount mandated by Georgia law, i.e., $100,000 per person and $300,000 per incident. See Ga Comp. R & Regs, r. 515-16-11-0.3.

I do not feel these are questions for determination by Summary Judgment, but should be determined by Declaratory Judgment action. The Court DENIES the motion for Summary Judgment and [Lariscy] is asked to prepare an order in accordance herewith.

However, the resulting order simply stated that the summary motion was "denied in its entirety." Upon National Indemnity's motion, the trial court issued a certificate of immediate review, and after this Court's grant of interlocutory review, this appeal ensued.

National Indemnity contends that the trial court erred in finding that it did not have subject matter jurisdiction to determine whether there was coverage for the accident under the insurance contract and the liability limit. It asserts that rather than seeking a declaratory judgment as to its obligations to the insureds, it was seeking a judicial determination of key elements related to Lariscy's direct action claim against National Indemnity. According to National Indemnity, coverage and policy limits are elements of direct action claims and these types of claims are not within the superior court's exclusive jurisdiction.

"The general rule in Georgia is that 'a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by

statute or a provision in the policy.'" *McGill v. Am. Trucking & Transp., Ins. Co.*, 77 FSupp.3d 1261, 1264-65 (N.D. Ga. 2015) (quoting *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493, 494 (371 SE2d 401) (1988)). However, Georgia has codified statutory exceptions to this rule, the direct action statutes, which permit a direct action by an injured party against an insurance carrier which insures a motor carrier. See OCGA § § 40-1-112 (c), 40-2-140. As relevant here,

> [OCGA § 40-1-112 (c)] states, "It shall be permissible under this article for any person having a cause of action arising under this article to join in the same action the motor carrier and the insurance carrier, whether arising in tort or contract." Since the direct action statute is in derogation of common law, its terms require strict compliance. The purpose of permitting joinder of the insurance company in a claim against a common carrier is to further the policy of the Motor Carrier Act, that is, to protect the public against injuries caused by the motor carrier's negligence. Stated another way, the purpose of the insurance is not for the benefit of the insured motor common carrier but for the sole benefit of those who may have a cause of action for damages for the negligence of the motor common carrier, making the insurance policy in the nature of a substitute surety bond which creates liability in the insurer regardless of the insured's breach of the conditions of the policy.

8

(Footnotes omitted and punctuation omitted.) *Occidental Fire & Cas. Co. of North Carolina v. Johnson*, 302 Ga. App. 677, 677-678 (691 SE2d 589) (2010) (decided under identical language then codified as OCGA § 46-7-12 (c)).

As noted previously, after considering National Indemnity's summary judgment motion, the trial court emailed the parties that it did not "feel these are questions for determination by Summary Judgment, but should be determined by Declaratory Judgment action. The Court DENIES the motion for Summary Judgment and [Lariscy] is asked to prepare an order in accordance herewith." However, the trial court subsequently entered an order stating that National Indemnity's motion for summary judgment was "denied in its entirety."

If the trial court in fact determined that it lacked jurisdiction, our Georgia Constitution provides that, "any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. And pursuant to "[s]ection T-4 of the Uniform Transfer Rules 'when a party makes a motion to dismiss, *or any other motion or defense*, on the basis that the court in which the case is pending lacks jurisdiction or venue or both[, s]uch motion shall be treated as a motion to transfer pursuant to these rules.'" *McDonald v. MARTA*, 251 Ga. App. 230, 231 (554 SE2d

226) (2001), quoting Uniform Transfer Rules T-4.[4] Moreover, the rules are also applicable when the "court on its own motion, after a hearing thereon, determines that it lacks subject matter jurisdiction." Uniform Transfer Rules T-4.

Thus, if the trial court denied the motion based on its conclusion that it lacked jurisdiction to decide the questions raised, the result should not have been the denial of the motion for summary judgment, but a transfer of the case to superior court. As we explained in *Mitchell v. S. General Ins. Co.*, 185 Ga. App. 870, 871 (1) (366 SE2d 179) (1988), a motion or defense that raises the issue of lack of jurisdiction mandates the transfer of the case even when the court raises the issue on its own, and accordingly a declaratory judgment action filed in state court should be transferred

---

[4]    These rules shall become operative when a party makes a motion to dismiss, or any other motion or defense, on the basis that the court in which the case is pending lacks jurisdiction or venue or both. Such motion shall be treated as a motion to transfer pursuant to these rules. A motion to transfer shall be made only in the court in which the case is pending. These rules also become operative when a court on its own motion, after a hearing thereon, determines that it lacks subject matter jurisdiction.

Uniform Transfer Rules T-4.

10

rather than dismissed. See *Empire Forest Products v. Gillis*, 184 Ga. App. 542, 544 (1) (362 SE2d 77) (1987) ( "[i]nasmuch as the court cannot enter judgment under the circumstances [where it lacked jurisdiction ]. . . , the trial court likewise erred in not ordering the case transferred to the proper forum.")

However, we cannot discern from the language of the order denying the motion for summary judgment in "its entirety," whether the trial court denied the summary judgment motion on the merits or denied the motion because it determined that it did not have jurisdiction. And, as to the substantive claims raised in National Indemnity's enumerations of errors, if "[t]here having been no rulings by the trial court on the issues raised on appeal, there are no rulings to review for legal error." (Citation and punctuation omitted.) *City of Gainesville v. Dodd*, 275 Ga. 834, 837 (573 SE2d 369) (2002).

Accordingly, it is necessary that the order be vacated and this case be remanded to the trial court to clarify the basis for its ruling in this case and enter a new order consistent with this opinion.

*Judgment vacated and case remanded with direction. Mercier and Brown, JJ., concur.*